By the Court.
1. Intent or purpose to kill is essential to constitute the crime of murder in the first or second degree, as defined by the statutes of Ohio; and this intent must be specifically and ■directly averred, as part of the description of the offense, in every indictment for either of these crimes.
2. An averment that the accused “purposely and of deliberate .and premeditated malice,” “did strike” the deceased, thereby in■flieting a mortal wound, of which the deceased afterward died, does not satisfy the requirements of the law; for though the accused ■may have purposely and maliciously struck the deceased, it does not follow that the stroke was given with a design to produce death-
3. Where the purpose to kill is not averred by way of description of the offense, the omission can not be aided by the ordinary ■formal conclusion of the indictment which avers that “so” the jurors “ do say that ” the accused, “ in manner and form aforesaid, purposely, willfully, and of his deliberate and premeditated malice, •did kill and murder,” etc. The allegation purports to be, and is nothing more than an argumentative statement of the legal result ■of the facts previously stated; and this mere legal conclusion can not cure any defects in the premises on which it assumes to be predicated.
The rule declared in-the cases of Fouts v. The State, 8 Ohio St. 98, and Kain v. The State, Ib. 306, approved and followed.
4. The elements which constitute the crime of manslaughter, as ^defined by the statutes of this state, do not preclude the^ossi•bility that there maybe aiders and abettors in the commission of that offense. Where, therefore, upon the trial of one indicted for aiding .and abetting another to commit murder in the first degree, the court charged the jury that “ aiding and abetting the crime of manslaughter, under our statute, is a legal impossibility,” and the Recused was convicted of aiding and abetting in the commission of murder in the second degree: Held, that this instruction was erroneous, and that it prejudiced the accused, because it virtually ■obliged the jury, if they convicted the defendant at all, to find him *372 guilty of aiding and abetting to commit murder in either the first or second degree, when, quite possibly, under a correct ruling of the law, the jury might have found him guilty of aiding and abet-to commit manslaughter only.
James Murray, for plaintiff in error.
O. P. Wolcott, attorney-general, for the state.
Judgment reversed, and cause remanded for further proceedings.
Brinkerhoef, C. J., dissented as to all but the last proposition.